1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JULIUS ANDERSON,                          No.  2:16-cv-0018 TLN CKD P

12              Plaintiff,

13         v.                                   ORDER

14    CALIFORNIA MEDICAL FACILITY,
      SOLANO, et al.,
15
                Defendants.
16

17        Plaintiff is a state prisoner, represented by counsel.  On March 15, 2018, the undersigned

18  held a settlement conference, and the parties' settlement agreement was placed on the court

19  record.  On October 31, 2018, plaintiff, pro se, wrote the undersigned a letter.  As stated on the

20  court record, the undersigned offered to ensure the settlement was concluded and that plaintiff

21  received the settlement proceeds.  However, in his letter, plaintiff stated he was contacting the

22  court because his attorney had agreed to file a new civil rights complaint on plaintiff's behalf, but

23  counsel had not done so.[1]  Plaintiff is advised that it would not be appropriate for the court to get

24  involved in a discussion or dispute between plaintiff and his counsel, and it appears from

25

26  [1] The recorded settlement reflects no agreement as to the filing of a new civil rights action.
    Plaintiff's counsel mentioned that he intended to file a petition before the Board of Parole
27  Hearings to request medical parole for plaintiff, but the undersigned made clear that such petition
    was not part of the settlement of this action, had nothing to do with the settlement, and would
28  offer no basis for seeking to set aside such settlement.

                                         1

plaintiff's letter that counsel had responded at least twice to plaintiff's inquiries. Court records reflect that plaintiff's counsel filed a civil rights action on plaintiff's behalf on August 24, 2018. Anderson v. California Medical Facility, No. 2:18-cv-2314 DB (E.D. Cal.), which remains pending.[2]

A stipulation for voluntary dismissal with prejudice was filed on April 30, 2018, and this case was closed. Plaintiff is advised that no orders will issue in response to future filings.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve a copy of this order on plaintiff's attorney of record, John Stringer, as well as on plaintiff Julius Anderson, K-33896, California Medical Facility, P.O. Box 2500, Vacaville, CA 95696-2500.

Dated: November 7, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ande0018.set

---

[2] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).