UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA MEDICAL FACILITY, SOLANO, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-0018 TLN CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner, represented by counsel. On March 15, 2018, the undersigned held a settlement conference, and the parties' settlement agreement was placed on the court record. A stipulation for voluntary dismissal with prejudice was filed on April 30, 2018, and this case was closed. On October 31, 2018, plaintiff, pro se, wrote the undersigned a letter about an issue unrelated to the settlement. On November 7, 2018, the court advised plaintiff that it would not be appropriate for the court to get involved in such an issue, but served a copy of the order on plaintiff's counsel.

On January 28, 2019, plaintiff again wrote the court now stating that no settlement proceeds had yet been issued. On January 30, 2019, the court ordered defendants' counsel to advise the status of settlement proceeds in light of the unusual delay of over ten months. (ECF No. 69.) On February 14, 2019, counsel for defendants declared that he left a message for plaintiff's counsel on January 30, 2019, concerning the court's order and "the need for Plaintiff's

1

| | |
|---|---|
| 1 | signatures on the settlement agreement and Payee Data Form(s) so that [counsel] could submit the |
| 2 | settlement package for CDCR processing." (ECF No. 70 at 2.) In the February 6, 2019 phone |
| 3 | conversation, defendants' counsel declares that plaintiff's counsel was to meet with plaintiff at |
| 4 | the California Medical Facility on February 8, 2019, and would have the documents signed at that |
| 5 | time. Plaintiff's counsel advised he "would address the reasons for the delay with the Court |
| 6 | directly by filing a declaration with the Court." (ECF No. 70 at 2.) On February 11, 2019, |
| 7 | defendants' counsel received the required documents bearing plaintiff's signatures and submitted |
| 8 | the settlement package to CDCR for processing on February 12, 2019. |
| 9 |     To date, no declaration by plaintiff's counsel has been filed. |
| 10 |     The parties settled this action on March 15, 2018. Despite the court's last two orders, as |
| 11 | well as plaintiff's last two letters filed pro se, it appears that the documents required to complete |
| 12 | the settlement were not provided to counsel for defendants until February 11, 2019, almost one |
| 13 | year after this case settled. Plaintiff's counsel has failed to explain such lengthy delay. |
| 14 | Therefore, plaintiff's counsel is ordered to show cause why sanctions should not be imposed for |
| 15 | such delay. Plaintiff's counsel is cautioned that failure to timely respond to this order will result |
| 16 | in an order imposing sanctions. |
| 17 |     Accordingly, IT IS HEREBY ORDERED that: |
| 18 |     1. Within fourteen days from the date of this order, plaintiff's counsel shall show cause |
| 19 | why sanctions should not be imposed for the delay in processing the documents required to |
| 20 | complete the settlement of this action; and |
| 21 |     2. The Clerk of the Court shall serve a copy of this order on plaintiff's attorney of record, |
| 22 | John Stringer, as well as on plaintiff Julius Anderson, K-33896, California Medical Facility, P.O. |
| 23 | Box 2500, Vacaville, CA 95696-2500. |
| 24 | Dated: February 27, 2019 |
| 25 | |
| 26 | KENDALL J. NEWMAN<br>UNITED STATES MAGISTRATE JUDGE |
| 27 | |
| 28 | /ande0018.set3 |